**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence Leon Jackson, | No. CV 07-1880-PHX-DGC |
| Movant, | **ORDER** |
| vs. | |
| United States of America, | |
| Respondent. | |

Movant Lawrence Jackson has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. Dkt. #1. Movant filed a memorandum of support in his criminal case (2:04-cr-00358-DGC) on October 1, 2007. CR Dkt. #133. Movant then filed a motion for new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure on October 5, 2007. CR Dkt. #136. The government has filed an opposition to the motion to vacate sentence and a supplemental response. CR Dkt. ##104, 144. The government has also filed an opposition to the motion for new trial. CR Dkt. #142. Movant has filed a reply and supplemental reply. CR Dkt. ##146, 152.

On May 13, 2009, Magistrate Judge Irwin issued a Report and Recommendation ("R&R") recommending that the motion to vacate and motion for new trial be denied. Dkt. #12. The government and Movant have both filed objections to the R&R. Dkt. ##13, 16. For the reasons that follow, the Court will accept the R&R as modified by this order and will deny the motions.

# I.    Background.

On or about January 28, 2004, Movant and others engaged in beating Victor Villareal on the Gila River Indian Reservation in Sacaton, Arizona, at the home of Movant's cousin, where Movant was living. Dkt. #12 at 2. Movant and co-Defendant Clifford Smith also stabbed the victim, resulting in the victim's death. *Id.* Movant then orchestrated the disposal of the victim's body. *Id.* Investigators eventually identified Movant as one of the perpetrators. *Id.*

In 2004, Movant and co-defendant Clifford Smith were charged with first degree murder and other crimes related to the death of Victor Villareal. *Id.* On October 20, 2004, co-defendant Smith entered a plea of guilty to Second Degree Murder, a lesser included offense, and was sentenced to 264 months in prison. *Id.* Movant proceeded to jury trial on October 26, 2004, and was convicted on all counts. *Id.* Movant was sentenced to life in prison plus 84 consecutive months. *Id.*

Movant appealed his conviction and sentence, claiming that the evidence was insufficient to convict him, that he should be re-sentenced based on advisory sentencing guidelines under *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005), and that his trial counsel was ineffective. *Id.* at 2-3. On April 12, 2006, the Ninth Circuit Court of Appeals issued an order finding the evidence at trial sufficient to convict Movant, determining that the mandatory life sentences precluded any prejudice at sentencing, and declining to address the ineffective assistance claims. CR Dkt. #131.

Movant now argues that his sentence should be vacated because he is not an "Indian" within the meaning of 18 U.S.C. § 1153 and is therefore not subject to federal jurisdiction. CR Dkt. #133 at 2. Movant also argues that he received ineffective assistance from his trial counsel, John Rood, because Mr. Rood: (1) failed to investigate and present alibi witnesses, (2) failed to interview and present testimony from co-defendant Clifford Smith, (3) elicited evidence of Movant's prior conviction for assault, (4) failed to request a limiting instruction on the use of Movant's prior conviction, (5) failed to test the murder weapon for the absence of Movant's DNA, and (6) failed to subject the prosecution's case to meaningful adversarial

testing on the issue of Movant's "Indian" status. *Id.* at 2-7. Finally, Movant argues that his appellate counsel was ineffective for failing to argue the jurisdictional "Indian" issue on direct appeal. *Id.* at 7-8. In support of his motion, Movant has attached an affidavit from co-defendant Clifford Smith ("Smith Affidavit") as well as his own affidavit ("Jackson Affidavit"). Dkt. #1 Exs. 1, 2. The government has attached an affidavit from trial prosecutor Sharon Sexton ("Sexton Affidavit") and has filed a supplemental letter from Mr. Rood ("Rood Letter"). CR Dkt. ##140-9, 144-2.

Movant also argues that he is entitled to a new trial in light of newly discovered evidence in the form of the Smith Affidavit, in which co-defendant Smith claims that Movant was not present at the murder. CR Dkt. #136.

## II. The Magistrate's R&R and the Parties' Objections.

### A. Motion to Vacate Sentence.

#### I. Lack of Jurisdiction.

After reviewing the trial transcripts, Judge Irwin concluded that the government and defense counsel agreed, in the presence of Movant, that "there's no issue as to the fact that [Movant] is an Indian." Dkt. #12 at 7 (quoting Rep. Tr. 4-6, Oct. 10, 2004 (SEALED)). The parties therefore agreed that the government need present only one witness who would testify to that fact at trial.[1] *Id.* Defense counsel agreed with this stipulation on the record and Movant did not object. *Id.* Consistent with the stipulation, a single witness for the government, Agent Kobel, testified that he investigated Movant and determined that Movant is an Indian. *Id.* at 7-8 (citing Rep. Tr. 59-60, Nov. 2, 2004). Judge Irwin concluded that

---

[1] At the outset, Judge Irwin noted that Movant's jurisdictional claim may be procedurally defaulted either because Movant failed to raise that claim on direct appeal or because the claim amounts to a sufficiency of the evidence challenge and the Ninth Circuit has already concluded that the evidence against Movant was sufficient. Dkt. #12 at 4 n.1 (citing *United States v. Ratigan*, 351 F.3d 957 (9th Cir. 2003); Final Jury Instructions, CR Dkt. #84 (listing Movant's Indian status as an element of the offense)). Because Movant also claims that his appellate counsel was ineffective for failing to argue this claim, Judge Irwin did not determine *sua sponte* whether such a claim has in fact been defaulted. *Id.*

Movant is bound by the stipulation at trial and that the government introduced sufficient evidence of Movant's Indian status in light of the stipulation. *Id.* Judge Irwin therefore recommended that this claim be denied. *Id.* Judge Irwin also concluded that, absent the parties' stipulation and in light of *United States v. Cruz*, 554 F.3d 840 (9th Cir. 2009), the government did not present sufficient evidence of Movant's Indian status to sustain his conviction under § 1153. Dkt. #12 at 14.

Movant objects to Judge Irwin's recommendation on the grounds that he "did question and object to the stipulation with counsel as to what the term 'Indian' meant and that he was not a legal Indian as he understood it." Dkt. #16 at 2. The government objects to Judge Irwin's conclusion that, absent the stipulation between the parties, the government presented insufficient evidence of Movant's Indian status for a rational jury to find beyond a reasonable doubt that Movant is an Indian within the meaning of § 1153. Dkt. #13 at 2-5. The government also objects to Judge Irwin's decision to withhold conclusion on whether Movant's jurisdictional claim has been procedurally defaulted by his failure to raise it on direct appeal. *Id.* at 5-7.

### ii. Ineffective Assistance of Counsel.

### 1. Trial Counsel – Alibi Witnesses.

Judge Irwin noted that Movant and trial counsel John Rood have offered conflicting accounts of their conversations regarding potential alibi witnesses. Dkt. #12 at 16-17. Movant alleges that he told Mr. Rood the names and place of residence of witnesses who would provide an alibi for him (Jackson Aff.) whereas Mr. Rood alleges that "[t]here were no alibi witnesses to present on behalf of Mr. Jackson, and I was given no names of alibi witnesses. As far as I can remember, he gave me no names to follow up" (Rood Letter).

Taking Movant's version of the facts to be true for the purposes of the R&R, Judge Irwin concluded that Mr. Rood's conduct in failing to investigate potential alibi witnesses fell below the standard of professionally competent assistance. Dkt. #12 at 17-18. Judge Irwin also concluded, however, that Movant did not demonstrate prejudice since Movant has presented no evidence, beyond his own affidavit, of what the alleged alibi witnesses would

say.  *Id.* at 18 (citing *Dows v. Wood*, 211 F.3d 480, 486 (9th Cir. 2000)).  As a result, Judge Irwin recommended that this claim be denied.  *Id.*  Movant objects to Judge Irwin's recommendation on the grounds that Movant is presently incarcerated and lacks the ability to contact the allegedly exculpatory witnesses and obtain their testimony.  Dkt. #16 at 4.

### 2. Trial Counsel – Testimony of Co-Defendant Smith.

Judge Irwin determined that co-defendant Smith repeatedly refused, through his counsel, to testify against any other individuals involved in the crime.  Dkt. #12 at 19.  Judge Irwin concluded that Mr. Rood was not ineffective because he was entitled to rely on Smith's counsel's admonition that Smith would not testify in Movant's favor.  *Id.*  Judge Irwin also concluded that Movant did not demonstrate prejudice on this claim in light of credibility issues with Smith's testimony and the conflicting testimony of other eyewitnesses.  *Id.* at 19-20.  Judge Irwin recommended that this claim be denied.  *Id.* at 20.  Movant objects to Judge Irwin's recommendation on the ground that an evidentiary hearing should be granted to determine what Smith's counsel told Mr. Rood.  Dkt. #16 at 5.

### 3. Trial Counsel – Evidence of Movant's Prior Convictions.

Judge Irwin concluded that Mr. Rood was not ineffective for employing the "well respected trial strategy" of deliberately introducing, on direct examination, anticipated negative evidence in order to "draw the sting" from such evidence.  Dkt. #12 at 20-21 (quoting *Smith v. Stewart*, 140 F.3d 1263, 1273 (9th Cir. 1998)).  Judge Irwin recommended that this claim be denied.  *Id.* at 21.  Movant objects that Mr. Rood's conduct "cannot be labeled strategy."  Dkt. #16 at 6.

### 4. Trial Counsel – Limiting Instruction on Prior Convictions.

Judge Irwin determined that, contrary to Movant's suggestion, the Court instructed the jury that it may consider "evidence of other acts or wrongs engaged in by the defendant . . . only as it bears on the defendant's motive, intent, preparation, plan, knowledge, identity, absence of mistake or accident and for no other purpose."  Dkt. #12 at 21 (quoting Rep. Tr. 59-60, Nov. 3, 2004).  Judge Irwin recommended that this claim be denied.  *Id.*  Movant makes no objection to the recommendation that this claim be denied.  Dkt. #16 at 6.

### 5. Trial Counsel – DNA Testing of the Murder Weapon.

Judge Irwin concluded that Mr. Rood was not ineffective for making a deliberate, strategic choice not to test the murder weapon for Movant's DNA. Dkt. #12 at 22-23. Judge Irwin determined that such testing posed the substantial risk of connecting Movant conclusively to the murder weapon but offered little reward even if Movant's DNA was not found on the weapon. *Id.* Judge Irwin recommended that this claim be denied. *Id.* Movant objects on the ground that Mr. Rood was ineffective in choosing to "[conduct] no investigation" into the DNA evidence on the gun. Dkt. #16 at 7.

### 6. Trial Counsel – Movant's Indian Status.

Judge Irwin determined that Movant voiced no objection to the stipulation at trial regarding Movant's Indian status and the proof the government would present on that issue. Dkt. #12 at 23. Judge Irwin also determined that Movant has presented no affirmative evidence that he is not an Indian and no suggestion that he made Mr. Rood aware of such evidence. *Id.* at 23-24. Judge Irwin concluded that Mr. Rood "could have made a reasonable strategic decision to forego a fruitless challenge to Movant's Indian status." *Id.* at 24. Judge Irwin recommended that this claim be denied. *Id.*

Movant objects to Judge Irwin's recommendation on the grounds that a defense attorney should always require the government to prove every element of the offense and should avoid stipulating to critical facts. Dkt. #16 at 7-8. Movant further alleges that he informed Mr. Rood that he "was not an Indian as he understood it" and argues that Mr. Rood was ineffective for stipulating to the proof the government would offer of Movant's Indian status. Dkt. #16 at 2.

### 7. Appellate Counsel – Movant's Indian Status.

Judge Irwin concluded that Movant's challenge to his Indian status is not supported by the evidence and thus that the failure of Movant's appellate counsel to raise such a challenge on appeal was not ineffective assistance. Dkt. #12 at 24. Judge Irwin recommended that this claim be denied. *Id.* Movant does not object to Judge Irwin's recommendation that this claim be denied. Dkt. #16 at 8.

**B.     Motion for New Trial.**

Judge Irwin concluded that the Smith Affidavit does not constitute "newly discovered evidence" that would entitle Movant to a new trial because Movant was aware of the substance of Smith's testimony at the time of trial. Dkt. #12 at 25-26 (citing *United States v. Diggs*, 649 F.2d 731, 740 (9th Cir. 1981), *rev'd on other grounds by United States v. McConney*, 728 F.2d 1195 (9th Cir. 1984)). Judge Irwin further determined that Smith's testimony would not likely have affected the outcome of Movant's trial in light of credibility issues with that testimony and the contrary testimony of other eyewitnesses. *Id.* at 26. Judge Irwin recommended that this motion be denied. *Id.* Movant objects on the grounds that Judge Irwin is not interested in "truth and fairness." Dkt. #16 at 9-10.

## III.    Analysis.

The Court must undertake *de novo* review of those portions of the R&R to which specific objections are made. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. See 28 U.S.C. § 636(b)(1).

**A.     Motion to Vacate Sentence.**

**I.     Lack of Jurisdiction.**

"A 'defendant's Indian status is an essential element of a § 1153 offense which the government must allege in the indictment and prove beyond a reasonable doubt.'" *United States v. Cruz*, 554 F.3d 840, 845 (9th Cir. 2009) (quoting *United States v. Bruce*, 394 F.3d 1215, 1229 (9th Cir. 2005)). In order to meet its burden, the government must prove both that the defendant has a sufficient "degree of Indian blood" and has "tribal or federal government recognition as an Indian." *Id.* (quoting *Bruce*, 394 F.3d at 1223-24). It is undisputed that Movant has a sufficient degree of Indian blood to meet the first part of the *Cruz* test. Dkt. #12 at 8. Movant now asserts that he lacks "recognition" as an Indian by tribal or federal authorities. CR Dkt. #133 at 2.

It is undisputed that the government and defense counsel agreed, prior to trial, in the presence of Movant, that Movant is an Indian and that the government would only present

one witness to testify to that fact. Dkt. #12 at 6-8 (quoting Rep. Tr. 4-6, Oct. 10, 2004 (SEALED)) . Movant made no objection to this stipulation when it was entered. *Id.* at 7. Consistent with the stipulation, Agent Kobel testified that he investigated Movant and determined that he is an Indian. *Id.* at 7-8 (quoting Rep. Tr. 59-60, Nov. 2, 2004).

In his objection, Movant merely alleges that he "question[ed]" Mr. Rood regarding "what the term 'Indian' meant" and informed Mr. Rood that "he was not a legal Indian as he understood it." Dkt. #16 at 2. These statements are consistent with Movant's mistaken legal view that he is not an "Indian" under § 1153 because he is not a presently enrolled member of a tribe. *See* CR Dkt. #146 at 1 ("Because movant is not enrolled with any tribe, and is not subject [to] guardianship by the United States, [he] should be tried in state court jurisdiction"). In fact, as Judge Irwin concluded, Movant's enrollment with an Indian tribe is neither necessary nor sufficient to make him an "Indian" under § 1153. *See United States v. Antelope*, 430 U.S. 641, 647 n.7 (1977) (enrollment in an official tribe is not an absolute requirement for federal jurisdiction where the Indian defendant lived on the reservation and "maintained tribal relations with the Indians thereon"); *United States v. Broncheau*, 597 F.2d 1260, 1263 (9th Cir. 1979) ("Enrollment is the common evidentiary means of establishing Indian status, but it is not the only means nor is it necessarily determinative"). The fact that Movant privately informed Mr. Rood of Movant's mistaken legal conclusion that he is not an Indian does not prevent the stipulation as to Movant's Indian status from being enforceable against him. Movant and his counsel did not contest Movant's Indian status at any point during the trial and Movant did not raise such an objection when he had an opportunity to speak to the Court at sentencing.

The Court agrees with Judge Irwin that, because the stipulation as to the government's proof of Movant's Indian status was made in his presence, Movant is bound by that stipulation. *United States v. Ferreboeuf*, 632 F.2d 832, 836 (9th Cir. 1980), *cert. denied*, 450 U.S. 934 (1981) ("when a stipulation to a crucial fact is entered into the record in open court in the presence of the defendant, and is agreed to by defendant's acknowledged counsel, . . . [u]nless [the] criminal defendant indicates objection at the time the stipulation is made, he

or she is ordinarily bound by such stipulation"). In addition, the government presented other evidence of Movant's Indian status at trial including the fact that Movant was incarcerated in a tribal jail, has lived and attended school on the Gila River Indian Reservation, and carries on active social relations with Indians living on the Reservation. In light of this uncontested evidence of Movant's Indian status and the parties' stipulation regarding that fact, the Court finds that the evidence at trial was sufficient for a rational jury to find beyond a reasonable doubt that Movant is an "Indian" within the meaning of that term in § 1153. The Court will accept as modified the R&R's recommendation that this claim be denied.[2]

### ii. Ineffective Assistance of Counsel.

Claims of ineffective assistance of counsel are analyzed pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on such a claim, a defendant must show: (1) deficient performance – that counsel's representation fell below an objective standard of reasonableness; and (2) prejudice – that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687-88, 694. Although the defendant must prove both elements, the Court may reject the claim upon finding either that counsel's performance was reasonable or that the claimed error was not prejudicial. *Id.* at 697. In addition, there is a strong presumption that counsel's conduct falls within the wide range of professionally competent assistance. *See United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995); *see also United States v. Pergler*, 233 F.3d 1005, 1009 (7th Cir. 2000) (holding that the court should "presume that the attorneys made reasonable judgements and decline to second guess strategic choices").

---

[2] The Court need not address whether the government's other evidence of Movant's Indian status, absent the stipulation, was sufficient to convict him under § 1153. Movant is bound by the stipulation and the evidence clearly was sufficient in light of the stipulation. Similarly, the Court need not determine whether Movant's claim was procedurally defaulted by his failure to raise it on direct appeal and the Court declines the government's request that the Court rule on this issue.

### 1.    Trial Counsel – Alibi Witnesses.

Taking Movant's account of the facts to be true, the Court agrees with Judge Irwin that Movant has not demonstrated that he was prejudiced by Mr. Rood's failure to interview "Daniel Juan" and "Tracy Jackson."  In general, a defendant claiming that he was prejudiced by his counsel's failure to present alibi witnesses must provide the Court with the testimony of those would-be witnesses or with documents indicating what that testimony would be. *See Dows v. Wood*, 211 F.3d 480, 486 (9th Cir. 2000) (refusing to find prejudice because the defendant did not provide evidence, beyond his own affidavit, of the existence of the would-be witnesses or of what their testimony would have been); *Alcala v. Woodford*, 334 F.3d 862, 870-71 (9th Cir. 2003) (finding prejudice where the defendant's trial counsel did not present the testimony of a witness who had previously made statements on the record to police providing an alibi for the defendant).  Although the Court realizes that Movant's present ability to contact the allegedly exculpatory witnesses is limited, Movant has never presented any evidence, at any stage of the proceedings, indicating what Daniel Juan or Tracy Jackson would testify to if called.  Absent such evidence, the Court cannot conclude that Movant was prejudiced by Mr. Rood's failure to call such witnesses.  The Court will accept the R&R's recommendation that this claim be denied.

### 2.    Trial Counsel – Testimony of Co-Defendant Smith.

Although Movant seeks an evidentiary hearing to resolve what he believes are disagreements of fact, no hearing is necessary because Movant's factual allegations, taken as true, do not entitle him to relief.  *See Machibroda v. United States*, 368 U.S. 487, 496 (1962).  The record demonstrates a consistent refusal by Smith to identify other participants in the crime.  The trial prosecutor, Sharon Sexton, stated that Smith's counsel advised her that Smith "was not interested in providing any testimony regarding the involvement of any other persons."  Sexton Aff. 2.  The Court agrees with Judge Irwin that Mr. Rood was entitled to rely on the representations of Smith's counsel that Smith was not interested in testifying regarding Movant's involvement in the death of Victor Villareal.  The Court also agrees that Movant has not demonstrated prejudice because the testimony in Smith's affidavit

exculpating Movant, given only after Smith pled guilty and was sentenced for this crime, is substantially less reliable than that of the eyewitnesses who testified at trial that Movant orchestrated and took the lead in the beating and murder of Victor Villareal. The Court will accept the R&R's recommendation that this claim be denied.

### 3. Trial Counsel – Evidence of Movant's Prior Convictions.

Although Movant disagrees with Mr. Rood's strategic decision to attempt to "draw the sting" of Movant's prior criminal convictions on direct examination, "[m]ere criticism of a tactic or strategy is not in itself sufficient to support a charge of inadequate representation." *Gustave v. United States*, 627 F.2d 901, 904 (9th Cir. 1980). The government has stated that it intended to present such evidence on cross examination regardless of whether Movant's counsel brought it up on direct examination. CR Dkt. #140 at 22. The Court declines to second guess Mr. Rood's reasonable strategic choice and will accept the R&R's recommendation that this claim be denied.

### 4. Trial Counsel – Limiting Instruction on Prior Convictions.

Movant makes no objection to the R&R on this claim and the Court will accept the R&R's recommendation that the claim be denied.

### 5. Trial Counsel – DNA Testing of the Murder Weapon.

Movant appears to appreciate the risk that further DNA testing of the murder weapon posed to his defense but maintains that his counsel was ineffective for choosing not to conduct such tests. As mentioned, "[m]ere criticism of a tactic or strategy is not in itself sufficient to support a charge of inadequate representation." *Gustave*, 627 F.2d at 904. Especially in light of the fact that initial testing of the gun *did not* reveal Movant's DNA, the Court agrees with Judge Irwin that Mr. Rood could have made a reasonable strategic choice to forego further testing and avoid the risk of establishing a definitive connection between Movant and the murder weapon. The Court will accept the R&R's recommendation that this claim be denied.

### 6. Trial Counsel – Movant's Indian Status.

The Court recognizes that "in some cases a trial attorney may find it advantageous to his client's interests to concede certain elements of an offense or his guilt on one of several charges." *United States v. Swanson*, 943 F.2d 1070, 1075-76 (9th Cir. 1991). In this case, there is reason to believe that Mr. Rood made a strategic decision not to challenge Movant's Indian status in order to avoid having the government admit evidence of Movant's prior enrollment, and then disenrollment, in an Indian tribe. *See* Dkt. #12 at 6-7 (citing Rep. Tr. 4-6, Oct. 26, 2004 (SEALED)). Mr. Rood might very well have felt that evidence of Movant's disenrollment would prejudice his client, and the Court "decline[s] to second guess [counsel's] strategic choices." *Pergler*, 233 F.3d at 1009. At the time of trial, there were several pieces of evidence suggesting that Movant is an Indian and the government has alleged that it could have provided even more conclusive evidence of Movant's Indian status if defense counsel had not stipulated to that fact. Dkt. #13 at 2.[3]

Significantly, Movant has not alleged that he definitively told Mr. Rood that he is not an Indian. The fact that Movant informed Mr. Rood that he was not an *enrolled* member of a tribe would not, by itself, have given Mr. Rood reason to contest Movant's Indian status. *See Antelope*, 430 U.S. at 647 n.7; *Broncheau*, 597 F.2d at 1263. Absent any further evidence that Mr. Rood had reason to believe that Movant was not an Indian, the Court cannot conclude that Mr. Rood's decision to stipulate to having one witness for the government testify to that fact fell below the standard of professionally competent assistance. The Court will accept as modified the R&R's recommendation that this claim be denied.

### 7. Appellate Counsel – Movant's Indian Status.

Movant makes no objection to Judge Irwin's recommendation that this claim be denied in light of the parties' stipulation. Moreover, "[i]t is a long-standing rule in the Ninth

---

[3] This evidence includes the facts that Movant has Indian blood, was once an enrolled member of the tribe, has family who lives on the reservation, lived on the reservation himself at the time of the crime, has attended school on the reservation, has been arrested by tribal law enforcement authorities, has served time in tribal jail, and has friends who live on the reservation.

Circuit that, generally, [the court of appeals] 'will not consider arguments that are raised for the first time on appeal.'" *Raich v. Gonzales*, 500 F.3d 850, 868 (9th Cir. 2007). Movant's appellate counsel properly informed Movant that the jurisdictional issue "[could not] be raised on direct appeal" because it was not raised during trial, or at any pretrial hearings, and was therefore not "preserved." CR Dkt. #152 Ex. C. The Court will accept the R&R's recommendation that this claim be denied.

**B. Motion for New Trial.**

Because Movant has failed to make specific objections to the R&R on this claim, the Court will review the R&R for clear error. *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006). The Court finds no error in Judge Irwin's conclusion. Movant concedes that, at the time of this trial, he was aware of Smith's knowledge of his involvement, or lack thereof, in the murder of Victor Villareal. Dkt. #16 at 9. As a result, the testimony in Smith's Affidavit does not constitute "newly discovered evidence" that would entitle Movant to a new trial. *See Diggs*, 649 F.2d at 740.

The Court also finds no error in Judge Irwin's conclusion that Movant did not demonstrate prejudice because Smith's testimony, given only after Smith had pled guilty and been sentenced for his involvement in the murder, would not likely have produced a different result at Movant's trial. Dkt. #12 at 26. Such testimony is significantly less credible than that of the multiple other eyewitnesses who testified that Movant was the primary instigator and leader in the murder of Victor Villareal. The Court will accept Judge Irwin's recommendation that the Motion for New Trial be denied.

**IT IS ORDERED:**

1.      The R&R (Dkt. #12) is **accepted** as modified by this order.

2.      The Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. #1) is **denied.**

1   3.    The Motion for New Trial pursuant to Fed. R. Crim. P. 33 (CR Dkt. #136) is

2         **denied.**

3   DATED this 6th day of July, 2009.

4

5                                    *David G. Campbell*

6                            _____

7                                    David G. Campbell
                                United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28